UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES | Case no. 20-CR-20085 |
| | Judge Thomas L. Ludington |
| v. | Magistrate Judge Patricia T. Morris |
| BRITTAN J. ATKINSON, | |
| _____/ | |

MOTION FOR COMPETENCY EXAMINATION

The government moves pursuant to 18 U.S.C. §4241 for a competency examination of the defendant to be conducted by psychologists with the Bureau of Prisons.  Various statements made by Brittan J. Atkinson over the weekend give reason to believe that he may not be mentally competent at this time.

Counsel for the defendant was consulted but was unable to concur in this this motion.

Brief

Brittan J. Atkinson is charged with making a threatening communication in violation of 18 U.S.C. §875(c).  He was arrested on February 20, 2020 and ordered temporarily detained pending a hearing on the merits of the government's detention motion.  The hearing is scheduled for later today, February 24, 2020.

On February 23, 2020, Atkinson made a series of recorded telephone calls from the jail where he is detained.  Atkinson's statements during those calls form a

2

significant part of the foundation for this motion. Accordingly, pursuant to 18 U.S.C. §4241, the government moves for a custodial competency examination of Brittan J. Atkinson to determine his ability "to understand the nature and consequences of the proceedings against him [and] to assist properly in his defense." 18 U.S.C. §4241(a).

In multiple telephone calls and with two different people, Atkinson said that he was suicidal and needed mental health treatment for his own safety. He described having "dark, destructive thoughts" and said he had accumulated a supply of drugs that he had considered using to kill himself. He also said that it would be best for him if his family had him involuntarily committed to a mental health facility so he would not have the ability to remove himself from the treatment facility.

In addition, Atkinson revealed that his brain was always in such turmoil that he was not able to concentrate well enough to read. He added that his thoughts were like a bunch of Slinkys[1] trying to unwind in his head.

Atkinson's disclosures regarding his mental state give reason to question his ability to understand the ongoing proceedings against him and to assist in his defense. Therefore, the question of Atkinson's competency to stand trial should be

---

[1] A Slinky is a toy made of flexible coiled metal that frequently moves erratically and often becomes inextricably entangled with itself.

addressed by a mental health professional familiar with the standards found in 18 U.S.C. §4241(a). A sustained period of examination and treatment can and should be provided in accordance with that statute.

The court should also consider that Atkinson has a long history of engaging in threatening and assaultive behaviors directed towards others, rather than himself.

Currently, he is subject to a personal protection order issued against him in Gladwin County because he had repeatedly engaged in threatening and harassing acts, including an assault causing injury, against a person living in his community.

In November of 2019, when Atkinson was interview by the FBI in connection with the threatening email that is the basis of the indictment, Atkinson initially was calm. However, he suddenly became so agitated that he threw his dining room table across the room.

Similarly, when he was interviewed by a Gladwin County Sheriff's Deputy regarding an assault in 2015, Atkinson repeatedly alternated between calm and very agitated, visibly shaking while yelling at the deputy. Atkinson also said that his dispute with the victim of his assault was not over and that he did not care if he went to jail for pursuing his vendetta against that person.[2] Atkinson ultimately

---

[2] The current PPO was obtained by the victim of Atkinson's 2015 assaultive behavior.

4

pled "no contest" to attempted assault and battery in 2016 for the attack he committed in 2015.

Atkinson's history of assaultive behavior includes separate 2007 convictions for assault and battery, and attempted resisting and obstructing an officer, based on multiple, separate arrests. He was convicted of disturbing the peace in 2005. In 1997, he was convicted on a domestic violence charge. In the 1980s, apparently while a juvenile, he was convicted of malicious destruction of property and assault.

Also in the 1980s, Atkinson's enlistment in the Army was terminated early due to his unacceptable behaviors, for which he was arrested. While he was being transported to a place of confinement, Atkinson kicked a military police officer in the head.

Considered together, Atkinson's long history of aggressive behaviors reveal a fundamental lack of impulse control. Atkinson's lack of impulse control is relevant to the question of detention, but is also another reason to question his mental competency. His inability to control his thoughts and behaviors could well impede his ability to understand the proceedings against him and to assist in his defense.

Conclusion

For the reasons given above, the government's motion for a competency examination of Brittan J. Atkinson should be granted.

Respectfully submitted,

Dated:  February 24, 2020

Matthew Schneider
United States Attorney

s/Janet L. Parker (P34931)
Assistant U. S. Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
janet.parker2@usdoj.gov

## **CERTIFICATION OF SERVICE**

On February 24, 2020, the pleading above was filed with the Clerk of the Court using the ECF system which will send notification of such counsel of record. Paper copies will be delivered to defense counsel in court today.

s/Janet Parker (P34931)
Assistant U.S. Attorney