# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,   CASE NO. 20-20085

    *Plaintiff,*

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

v.

BRITTAN J. ATKINSON,

    *Defendant.*

_____/

## ORDER OF DETENTION PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.**     **Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☒(1)    Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

    ☒(a)    a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐(b)    an offense for which the maximum sentence is life imprisonment or death;

         **or**

    ☐(c)    an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-

904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐(e) any felony that is not otherwise a crime of violence but involves:

   ☐(i) a minor victim, **or**

   ☐(ii) the possession or use of a firearm or destructive device (as defined in section 921), **or**

   ☐(iii) any other dangerous weapon, **or**

   ☐(iv) involves a failure to register under 18 U.S.C. § 2250.

☐(2) Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

   ☐(a) a serious risk that such person will flee; **or**

   ☐(b) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**B.    Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)    Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

   ☐(a) Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

    ☐(b)   The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

    ☐(c)   A period of less than five years has elapsed since

        ☐(i)   the date of conviction, **or**

        ☐(ii)   Defendant's release from prison.

**(2)**    **Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

    ☐(a)   for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

    ☐(b)   under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

    ☐(c)   listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

    ☐(d)   under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

    ☐(e)   involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

☐ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☒ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☐ both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Under 3142(g)(1), Defendant is charged with threatening communications under 18 U.S.C. §875(c).

As to the weight of the evidence against the person under § 3142(g)(2), i.e., the weight of the evidence regarding Defendant's dangerousness, I address that below. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)("This factor goes to the weight of evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

As to the history and characteristics of the person under § 3142(g)(3), Defendant is 52 years old and has lived in Michigan all his life. Defendant is married and has two adult sons, one of who resides with his father and mother. Defendant is unemployed due to disability. Defendant has back and neck pain as well as arthritis for which he takes several prescription medications and he uses marijuana on a daily basis, several times a day. As to mental health, Defendant was hospitalized for depression and suicidal ideation in 2007 and continues to experience depression. Defendant's family members were present in the courtroom. I therefore find that Defendant has very strong ties to the Eastern District of Michigan.

As to criminal history, Defendant was convicted of the following: in 1996, misdemeanor domestic violence; in 2005, misdemeanor disturbing the peace; in 2007, misdemeanor attempt assault/resist/obstruct a police officer; in 2015, misdemeanor attempt assault and battery. There is an outstanding personal protection order regarding the same victim as the 2015 conviction and it is set to expire on December 31, 2020. In addition, there is a current officer safety alert regarding the Defendant because he had threatened to blow the head off any Gladwin County deputy who came for him. In addition, before he was arrested on the instant charge, Defendant threw a dining room table and its contents at the FBI agent investigating this case, perhaps on the mistaken belief that when the agent bumped the table causing it to move an inch, that accidental bumping was some kind of aggression on the agent's part. Even if that were Defendant's perspective, that perspective was off and shows a propensity to overreact in angry outbursts that include assaultive behavior.

As to the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release under § 3142(g)(4), I find that the risk is significant based on the 2015 events, the continuing personal protection order, the current officer safety alert, and the current charge and circumstances surrounding the investigation. Defendant is intelligent and at times, can be very measured and calm. Other times, he has outbursts, yells, swears, acts aggressively and in an assaultive manner. As to the danger he poses, it is difficult to predict the level of danger he poses because his behavior is unpredictable. I find that bond conditions could perhaps allay the danger he poses to an acceptable level.

However, I find that the risk of non-appearance is one that cannot be satisfactorily lessened by bond conditions. Defendant has a lengthy history of mental health issues and has been hospitalized once for depression and suicidal ideation. During recent phone calls from the jail, Defendant told several people that he is suicidal and wants to be involuntarily committed.[1] I therefore find, by a preponderance of the evidence, that there is no condition or combination of conditions which will reasonably assure Defendant's appearance.

Therefore, Defendant will be detained pending trial.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

---

[1] A potential suicidal risk is not relevant to the inquiry whether Defendant poses a danger to any person or the community since the "phrase 'any other person' [in 3142(g)] cannot reasonably be interpreted to include defendant himself." *United States v. Metz*, 2012 WL 6632501, at *3 (W.D. N.Y. Dec. 12, 2012). However, the risk of suicide may be considered when analyzing the risk of nonappearance. *Id*. at *4; *United States v. Wasendorf*, 2012 WL 4052834, at *5 (N.D. Iowa 2012); *United States v. Krueger*, 2013 WL 8584873, at *2 (E.D. Mich. 2013).

Date: February 25, 2020         S/ PATRICIA T. MORRIS
                                Patricia T. Morris
                                United States Magistrate Judge