UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

BRITTAN ATKINSON,

    *Defendant.*

                                  /

CASE NO. 20-20085

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## ORDER ON COMPETENCY OF DEFENDANT TO STAND TRIAL

**I.**    **Introduction**

On February 12, 2020, an indictment was filed charging Defendant Brittan Atkinson ("Atkinson") with threatening communications in violation of 18 U.S.C. § 875(c). The parties stipulated to a psychiatric or psychological examination of Atkinson pursuant to Fed. R. Crim. P. 12.2(c)(1) to determine Atkinson's competency to stand trial. (ECF Nos. 9, 14, 15.) The court ordered that the examiner conduct a psychological examination of Atkinson, prepare a written report and file the written report with the court. (ECF No. 15.)

On July 14, 2020, Dr. Dawn Graney, Ph.D, Forensic Psychologist, submitted the psychiatric examination results wherein she opined that Atkinson is competent to stand trial.

A competency hearing was held on July 31, 2020. The parties stipulated to admission of Dr Graney's report and stipulated to the finding that Atkinson is competent to stand trial. The Court was able to question and observe Atkinson, who did not contest his competency. Atkinson was able to correctly identify the purpose of the hearing, he understood the nature of the charge against him and the possible consequences of the proceedings, his right to proceed to trial, the nature of a trial, and the respective roles of those involved in a trial.

## II.     Competency Standards

18 U.S.C. § 4241(c) provides that a "hearing shall be conducted pursuant to the provisions of section 4247(d)." Under § 4247(d), "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General."  Although the statute appears to place the burden on the defendant, the Circuit Courts are in disagreement as to which party bears the burden. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995)(Table)("The government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial"); *United States v. Teague*, 956 F.2d 1427, 1431, n. 10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *Brown v. Warden, Great Meadow Corr. Facility*, 682 F.2d 348, 352 (2nd Cir. 1982); *United States v. Hollis*, 569 F.2d 199, 205 (3rd Cir. 1977); and *United States v. Makris*,

535 F.2d 899, 906 (5th Cir. 1976)("There can be no question that in federal criminal cases the government bears the burden of proving defendant competent to stand trial…"), with *United States v. Robison*, 404 F.3d 850, 856 (4th Cir. 2005)("Under federal law the defendant has the burden, by a preponderance of the evidence [to show] that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent…"); and *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006). Here, the proof is not disputed; thus, the Court need not address the burden allocation question.

### III.   Analysis and Conclusions

With stipulations from both parties as to the admissibility and substance of the Report, the only proof is the expert analysis of Dr. Graney. ("the Doctor"). The Report is a thorough and comprehensive assessment of Atkinson's mental and psychiatric condition. The Report chronicles his developmental, educational, work, social/relationship, substance abuse, medical, military, substance abuse and mental health histories in great detail. (Report at 2-14.) The Report also contains numerous behavioral observations, an evaluation of his mental status, and numerous medical and psychiatric evaluations, studies, testing and treatment and clinical evaluations and impressions. (Report at 9-14.)

The Doctor considered Atkinson's reported symptoms, his understanding of the basis of the charges against him and the possible penalties, his relationship with his court-appointed counsel, the role of various court personnel. Atkinson "clearly recognized the adversarial nature of the proceedings and showed a good understanding of the roles of

3

various courtroom personnel." Report at 16. Atkinson also understood that the "role of the defense attorney is to 'defend the accused…present their side of the case…try to get as light of a sentence.'" *Id*. He further understood the prosecutor's role to put forward the people's case and the role of the judge in both the bench trial and jury settings. *Id*. Atkinson understood the roles of witnesses to "'tell their version of events' relating to the case." *Id*. he also understood his role in assisting his lawyer, that he could but did not have to testify and that he must be truthful if he were to testify. He also "demonstrated a general understanding of plea bargaining" and attorney-client privilege. *Id*.

> The Doctor summarized
> 
> Mr. Atkinson demonstrated a good rational and factual understanding of courtroom personnel, court proceedings, the charges against him, and possible penalties. If there are court-related matters that are unfamiliar with the defendant, there is no reason to believe that he would not be able to be educated by his attorney on those matters. Based on his ability to cogently and properly communicate with this writer and others while at FCI Butner, there does not appear to be any current reason why Mr, Atkinson would not be able to effectively communicate with his attorney. He understood proper courtroom decorum and, given his presentation and behavior during the evaluation period, there is presently no reason he should not be able to conduct himself appropriately in court. The defendant does have a history of angry outbursts and impulsive acting out behavior, which often times have been fleeting. However, he did not demonstrate such issues during the current evaluation period. He described improvements in his physical pain, as well as clearer thinking (i.e. mental fog lifting'), over the course of his detainment on the current charges, as a result of related changes to his daily routine (e.g., not consuming substances that may have exacerbated some of his physical and mental issues, sleeping better, etc.). He also remained compliant with psychiatric medication treatment throughout the evaluation period.

Report at 17. Based on the totality of these findings, it is the opinion of the undersigned that Atkinson has the capacity to understand the nature and consequences of the

4

proceedings against him and to assist properly in his defense, Consequently, it is the opinion of the undersigned that Mr. Atkinson is competent to proceed at this time. Report at 17.

The Court finds that the Doctor accurately applied the standards codified in 18 U.S.C. § 4241(a) to determine that Atkinson is competent, and that the findings should be adopted. The Court also finds no evidence that Bigham is not competent. That finding, of course, precludes any finding of incompetence by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241, Atkinson is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the Court finds that Atkinson is competent to face further proceedings, to include trial, in this matter.

## IV.  Review

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72 and E.D. Mich. LR 72.1(d).

Date:  August 3, 2020                                  S/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 3, 2020                                   By s/Kristen Castaneda
                                                       Case Manager