UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 20-cr-20085

v.                                          HON. THOMAS L. LUDINGTON
                                              United States District Judge

BRITTAN J. ATKINSON,

        Defendant.

_____

## GOVERNMENT'S SENTENCING MEMORANDUM
_____

The defendant Brittan J. Atkinson, found the email address of an attorney who was representing a federal whistleblower and sent a threat in which he called the whistleblower a traitor and told the attorney: "we will hunt you down and bleed you out like the pigs you are." He also told the attorney to "keep looking over your shoulder." The attorney was understandably concerned and contacted the FBI who investigated the threat and met with Atkinson. When Atkinson spoke with the agents, he showed no regret or remorse and instead stated "traitors deserve what they get." He then became verbally aggressive with agents.

Atkinson's threat crossed a line from protected speech to a true threat against an attorney who was merely representing a whistleblower. And Atkinson has a

disturbing history of assaultive conduct. For these reasons, and as discussed below, the government recommends that Atkinson be sentenced to a year imprisonment and a substantial term of supervised release subject to conditions that will treat Atkinson's drug abuse and mental health issues and protect the community.

## I. INTRODUCTION

This matter is before the Court for sentencing following defendant's guilty plea to a single count of interstate communication of a threat to injure. ECF No. 1, PageID.1. The parties and the probation department calculated defendant's sentencing guideline range to be 12 to 18 months. Pursuant to the Rule 11 Plea Agreement, the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the sentencing guideline range as determined by the Court. The government also recommends a 3-year term of supervised release in which Atkinson will receive substance abuse treatment, mental heath counseling, anger management, and be closely monitored in order to protect the safety of the public.

## II. SUMMARY OF THE OFFENSE

On November 7, 2019, Atkinson emailed the victim, a Washington, D.C. attorney representing a federal whistleblower, the following:

> All traitors must die miserable deaths. Those that represent traitors shall meet the same fate, we will hunt you down and bleed you out like the pigs you are.

> We have nothing but time, and you are running out of it. Keep looking over your shoulder, **we know who you are**, where you live, and who you associate with, **we are all strangers in a crowd to you**, the next move is yours.

Two weeks after the email was sent, FBI special agents interviewed Atkinson at his residence. When questioned about the email, Atkinson admitted sending it. Atkinson called the victim a traitor and stated, "[a]s far as I am concerned that motherf***** can burn in hell," and "traitors deserve what they get." (PSR ¶ 15). Atkinson was verbally aggressive throughout the interview, repeatedly yelling and calling the agents derogatory names. As the agents left the Atkinson's home, Atkinson went outside and yelled, "[t]ell your boss in Baltimore he can suck my f***ing c***, you f***ing piece of s***." (PSR ¶ 16).

### III. RELEVANT SENTENCING LAW

In determining defendant's sentence, the Court must consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes by the defendant, and facilitate rehabilitation. 18 U.S.C. § 3553(a)(2). Although advisory, the sentencing guidelines are the "starting point" and "initial benchmark" for the sentence, which should be sufficient, but not greater than necessary. *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38, 49 (2007).

3

### A. Nature and circumstances of the offense

The offense here is a serious one. The tone and tenor of the email revealed Atkinson's deep hatred of the victim and frighteningly described a violent and brutal death. When questioned about the email, Atkinson admitted to sending the email and failed to show any remorse or regret. In fact, Atkinson seemed to become angrier. And he quickly turned his anger towards the FBI agents, calling them derogatory names and yelling at them as they left.

### B. History and characteristics of the defendant

Atkinson has a troubling criminal record, serious anger issues, and a significant substance abuse history.

Atkinson's criminal record reflects various instances of Atkinson acting out against others. In 2005, Atkinson was arrested for malicious destruction of property and disturbing the peace. (PSR ¶ 37). He was eventually convicted of disturbing the peace. *Id*. In 2007, Atkinson was convicted of attempt assaulting, resisting, and obstructing a police officer and assault and battery. (PSR ¶ 38). In 2015, Atkinson was convicted of attempt assault and battery. (PSR ¶ 39). What began as a long-standing dispute with a former friend culminated with Atkinson assaulting the victim at a local gas station. *Id*. Atkinson nearly struck the victim with his car, yelled at him, then attacked from behind. *Id*. When the victim pulled away, Atkinson hit the victim several times. *Id*. When questioned by police about the assault, Atkinson

told the officer, "I probably should not tell you this but if Sergeant Smith comes onto my property and if I had a gun, I would blow his f***ing head off." Atkinson eventually calmed down and apologized to the officer, but when questioned further about the assault, Atkinson became angry again, yelling and shaking. He told the officer that the victim got what he deserved and that he does not care if he goes to jail for it. *Id.* In addition to these formal convictions, Atkinson also had a domestic violence case dismissed after successfully completing probation and a criminal conviction from his time in the military. (PSR ¶ 42).

Atkinson appears to have struggled most of life with anxiety and depression. (PSR ¶ 56). Atkinson has difficulty managing his anger and often feels he's on the verge of lashing out. *Id.* Atkinson has sought treatment in the past for his mental health issues and is currently attending treatment. (PSR ¶¶ 57-61). Following this Court's order, a BOP forensic psychologist conducted a forensic evaluation of Atkinson which thoroughly detailed his mental health issues and offered several diagnoses. ECF No. 15, PageID.42.

Atkinson has a long history of substance abuse coupled with periods of abstinence. (PSR ¶¶ 63-64). Most recently, Atkinson was smoking marijuana daily up until his arrest. (PSR ¶ 64). Atkinson's marijuana abuse appears to have contributed to his impairment or distress. This is set out more fully in the forensic evaluation.

5

### C. Sentencing guidelines calculation

The presentence investigation report calculates the sentencing guidelines at 12 to 18 months. (PSR ¶ 77). Neither party has objected to this calculation.

Atkinson's criminal history category is correctly scored at category I as defendant has one criminal history point. (PSR ¶¶ 40-41). Atkinson's adjusted offense level is 16. (PSR ¶ 32). Atkinson received a 3-level reduction for acceptance of responsibility. (PSR ¶ 34-35). After considering acceptance of responsibility, Atkinson's total offense level is 13. (PSR ¶ 36. An offense level of 13 and a criminal history category I results in a sentencing guideline range of 12 to 18 months. (PSR ¶ 77).

## IV. FASHIONING AN APPROPRIATE SENTENCE

As set forth in 18 U.S.C. § 3553(a)(2), the sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes by the defendant, and facilitate rehabilitation.

At the time of Atkinson's offense, the hate and vitriol he demonstrated in his prior criminal interactions appeared to be escalating. Atkinson did not simply post a general statement about his displeasure with the victim or his client on some publicly viewable social media outlet. Atkinson made a specific threat, to a specific individual. And he communicated that threat directly to his intended target. Violent

6

speech like this isn't free speech. Speech like this seeks only to stifle free speech and stifle the performance of lawful activity. A sentence of 12 months would reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to both Atkinson and those who would act similarly.

True threats like the one Atkinson made here fall outside the protection of the First Amendment because they place the recipient in "fear of violence" and lead to "the disruption that fear engenders." *Virginia v. Black*, 538 U.S. 343, 360 (2003). Indeed, when an individual makes a true threat to another, the government "has the right, *if not the duty*, to 'protect[ ] individuals from the fear of violence, from the disruption that fear engenders, and from the possibility that the threatened violence will occur.'" *United States v. Jeffries*, 692 F.3d 473, 478 (6th Cir. 2012), abrogated in part by *Elonis v. United States*, 575 U.S. 723 (2015), citing *R.A. V. v. City of St. Paul*, 505 U.S. 377, 388 (1992) (emphasis added).

Consequently, no person, regardless of the nature of their employment, should be forced to live life in fear, constantly looking over their shoulder, and constantly in fear for the safety of their family and coworkers. Yet, that is precisely what Atkinson's threat caused here. The victim described the threat as "unnerving," "troubling," and "quite scary." The threat had a significant impact on the victim, his family, friends, and colleagues. The fear, stress, and trepidation this threat had on

7

the victim and his family cannot be overstated. Moreover, as a result of Atkinson's threat, over $140,000 was expended to ensure the victim's safety.

Atkinson's actions also appear to have been exacerbated by his mental health and substance abuse. To Atkinson's credit, since being released on bond, Atkinson has abided by all of his bond conditions. He is attending treatment and has tested negative for drugs. At his last court hearing, Atkinson exhibited a calm, controlled, and respectful demeanor. Hopefully, this change in demeanor is sincere and a product of his treatment and abstinence from controlled substances. The government requests that the Court's sentence require Atkinson to continue with mental health and substance abuse treatment.

## CONCLUSION

Based upon the nature and circumstances of this offense, defendant's history and characteristics, as well as the other factors set forth in 18 U.S.C. § 3553(a), a sentence of 12 months would be sufficient, but not greater than necessary.

Respectfully submitted,

Date: March 18, 2021

SAIMA S. MOHSIN
Acting United States Attorney


s/ANTHONY P. VANCE
Assistant United States Attorney
Chief – Branch Offices
600 Church Street
Flint, Michigan 48502-1280
Phone: (810) 766-5177
anthony.vance@usdoj.gov
P61148

## CERTIFICATION OF SERVICE

I hereby certify that on, March 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

s/Jessica Stanton<br>
United States Attorney's Office