UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-BAY CITY

UNITED STATE OF AMERICA,

        Plaintiff,

                Case No. 20-CR-20085
                Hon. Thomas L. Ludington
                Magistrate Judge; Patricia T. Morris

vs.

BRITTAN J. ATKINSON

        Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.**     **Introduction**

With the exception of this case, Defendant, Brittan J. Atkinson ("defendant") the defendant has no prior felonies. As the pre-sentence investigation report (the "report") accurately reflects, he has six (6) prior state misdemeanor convictions. These previous convictions range from Domestic Violence, Disturbing the Peace, and Attempted Assault, Resist, or Obstruct Police Officer; Assault and Battery all of which can be construed as violent offenses. The crime he has plead to in the instant case – Interstate Communication of a Threat to Injure 18 U.S.C. § 875(c) – can be construed as violent crime even though the defendant had no intention nor the means to carry out said threat.

He is unemployed and has been on disability since his back surgery in 2007 and has abided by each of the conditions of his pretrial release. The defendant has come to understand that his history of violence and his anger management issues are not the way to express your displeasure with others. That defendant has also realized, during his pretrial incarceration in this matter, that he needs mental health services along with mental health medication that he has been taking advantage of the help that has been offered during pretrial incarceration and pretrial release for this matter. The defendant has been continuing on mental health medications since his release from custody.

Accordingly, as set forth below, and in the Plea Agreement, defendant respectfully requests that the Court consider a minimal guideline sentence in incarceration and probation that focuses on rehabilitation and restitution.

Defendant was released on a $10,000 unsecured bond and placed under the supervision of the United States Pretrial Services Agency on August 3, 2020. Defendant has been compliant with the terms of his release.

II. **Background**

Defendant is before the Court for sentencing after having plead to Count I interstate communication of a threat to injure under 18 U.S.C. §875(c)

Defendant's sentencing hearing is currently scheduled for March 25, 2021 at 2:00 p.m. Defendant admits to the following elements of Count of Conviction:

1. The defendant knowingly sent a communication in interstate commerce;

2. The communication contained a true threat to injure the person of another; and

3. The defendant sent the communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat.

Defendant understands that when he plead guilty the minimum and maximum sentencing guidelines are up to five (5) years imprisonment; up to $250,000 fine and up to three (3) years supervised release and that this Court has the discretion to impose sentence pursuant to the minimum and maximum guidelines.

### III. Analysis

#### A. Legal Framework

In United States v. Booker, 543 U.S. 220 (2005), the United Stats Supreme Court severed and excised 18 U.S.C. §3553(b)(1) from the Sentencing Reform Act ("SRA"). As a result, the United States Sentencing Guidelines are no longer mandatory. District courts must now weigh the following factors in imposing sentence for a violation of federal law: (1) offense and offender characteristics; (2) the need for the sentence to reflect the basic aims of sentencing, namely (a) retribution, (b) deterrence, (c) incapacitation, and (d)

rehabilitation; (3) the sentences legally available; (4) the sentencing guidelines; (5) United States Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. United States v. Rita, 551 U.S. 338, 347-348 (2007).

### B. Defendant's Sentencing Guidelines Range is 12 to 18 months

The Court should begin by correctly calculating defendant's sentencing guidelines range. Gall v. United States, 522 U.S. 38, 49 (2007) (noting that the guidelines "should be the starting point and the initial benchmark"). Defendant does have a criminal history of 6 state misdemeanor offenses, which are of an assaultive nature. USSG §2A6.1(a)(1) defendant's base level is 12 and pursuant to USSG §2A6.01(b)(4)(B) was given an additional 4 points for the expenses incurred by the victim; pursuant to USSG §3E1(a) and USSG §E1.1(b) defendant had 3 points subtracted based on his acceptance of responsibility. Defendant ending total offense level is 13. These place the Defendant in Zone C of Offense Level with a Criminal History Category of I status, with Sentencing Guidelines ranging for 12 to 18 months.

Based upon the offense level and criminal history category the applicable guideline range is in Zone C of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that a least one-half of the minimum term is satisfied by imprisonment USSG §5C1.1(d).

### C. Defendant's Intentions Regarding Communication

Mr. Atkinson is not affiliated with any activist political organization. He regularly followed politics online. He recalls seeing a tweet from the victim regarding a "coup against the President". He sent the email in response to this tweet stating "we" referring to "we the American people". Mr. Atkinson was acting alone and realizes the severity of his actions and the damaged caused.

### D. Restitution

Restitution was in the amount of $140,000 as referenced in the plea agreement in this matter.

## IV. Conclusion

For the foregoing reasons, defendant respectfully requests that this Court (1) score his sentencing guidelines range at 12-18; (2) grant him the lower part of the guidelines pursuant to the plea agreement which includes a term of supervised release with a condition of substitutes community confinement or home detention.

Respectfully Submitted,

Dated: 03/23/21

s/ Timothy P. MacDonald
Timothy P. Macdonald (P51883)
LAW OFFICES FO TIMOTHY P. MACDONALD
Attorney for Defendant
PO Box 535
Howell, MI 48844
(517) 545-4529
timothypmacdonaldlaw@gmail.com

Dated: 03/23/21          s/ Donald J. Neville
                         Donald J. Neville (P60213)
                         LAW OFFICE OF DONALD J. NEVILLE
                         101 West Clinton
                         Howell, MI 48843
                         (517) 546-8400
                         nevillelawoffice@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify that on, March 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

          s/ Donald J. Neville  
          Donald J. Neville (P60213)  
          LAW OFFICE OF DONALD J. NEVILLE  
          101 West Clinton  
          Howell, MI 48843  
          (517) 546-8400  
          nevillelawoffice@gmail.com